UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                Plaintiff,

v.                                                    Case No. 24-cv-540-pp

MARK BRENNER, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Jonathon M. Mark, who previously was incarcerated at the Fond du Lac County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights.[1] This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

I.    **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

---

[1] Recently, in one of the plaintiff's other cases, an order the court had mailed to him was returned as undeliverable. Mark v. Zagorski, Case No. 24-cv-430-pp, Dkt. No. 8 (E.D. Wis. Aug. 12, 2024). The plaintiff has not filed a change of address with the court, but court staff searched Wisconsin online court records and found an address that had been confirmed for the plaintiff as of July 30, 2024. Id., Dkt. No. 9. The court has updated the plaintiff's address to that address for all his cases.

1

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 6, 2024, the court ordered that the plaintiff did not have to pay an initial partial filing fee. Dkt. No. 5. The court gave the plaintiff an opportunity to voluntarily dismiss this case without the risk of incurring a strike by May 28, 2024. Id. The plaintiff did not do so. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d

2

714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff alleges that from June 11, 2023 to the date of the complaint (April 25, 2024), while he was confined at the Fond du Lac County Jail, defendant Marie Brenner "refused/denied [the plaintiff] medication for [his]

3

severe sciatica, degenerative/bulging/herniated disc in [his] lower back with possible compression of the spinal cord[.]" Dkt. No. 1 at 3. Defendant Brenner allegedly refused to "receive and/or request and/or to enforce the receipt of [the plaintiff's] medical records from SSM Health . . . on these conditions, even though [the plaintiff] filled out medical release of information on at least five different occasions to get these records[.]" Id. The plaintiff alleges that his medical conditions have "progressively gotten worse since being in this jail and these conditions have caused [him] great, extreme, or excruciating or outrageous levels of pain, of which, [he] frequently let medical staff (Brenner) know about; and Brenner intentionally . . . disregarded [his] health and safety[.]" Id. Brenner allegedly unnecessarily prolonged the plaintiff's pain "without any penological justification/objective/interest and refused to make appropriate referrals to specialists as [his] conditions are highly advanced and beyond 'normal' treatment[.]" Id. at 3-4. She also allegedly refused to collect/gather evidence to show the plaintiff's worsening condition. Id. at 4.

The plaintiff alleges that from July 2023 to April 25, 2024, defendant Melissa Rodriguez did the same thing as defendant Brenner regarding the plaintiff's medical condition. Id. In addition, Rodriguez allegedly refused to order x-rays, MRI's, CT scans, *etc.*, thereby "covering up" the damage caused by refusing to treat the plaintiff. Id.

The plaintiff also alleges that defendants Tyler Broderick and James Borgen, who are jail administrators, were made aware that the plaintiff's serious medical conditions were not being treated. Id. at 4-5. Broderick and

Borgen allegedly approved and condoned the lack of treatment, and they could have helped the plaintiff. Id.

For relief, the plaintiff seeks damages, injunctive relief and declaratory relief. Id. at 6.

C.  Analysis

The plaintiff explained that at the time he filed the complaint, he was a pretrial detainee. Dkt. No. 1 at 3. A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

The plaintiff's allegations that defendants Brenner and Rodriguez denied him medical care and treatment for his back condition implicates his constitutional rights. And his allegations that defendants Broderick and Borgen

5

turned a blind eye to his condition state a claim at this early stage. The plaintiff may proceed on claims under the Fourteenth Amendment against the defendants in their individual capacities.

Before it orders service of the complaint on the defendants, however, the court will require the plaintiff to file a written document stating whether he still wants to prosecute this case. As stated above, in another one of the plaintiff's cases, an order the court had issued recently was returned as undeliverable. The plaintiff has not updated his address in that case or in any of his cases. Court staff has tried to locate the plaintiff's current address and the docket has been updated with the address the court found. If the plaintiff does not respond to this order by the deadline the court sets below, confirming that he still wants to proceed with the case, the court will dismiss the case without prejudice. If the plaintiff responds and says he wants to proceed, the court will order service of the complaint on the defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that if the plaintiff wants to proceed with this case, he must file a written document telling the court so, in time for the court to *receive* it by the end of the day on **November 8, 2024**. If, by the end of the day on November 8, 2024, the court does not receive a document from the plaintiff confirming that he wants to proceed, the court will dismiss this case without prejudice on the next business day without further notice or hearing.

6

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the Clerk of Court.

Dated in Milwaukee, Wisconsin, this 16th day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**